# NOT FOR PUBLICATION

**FILED & ENTERED**

**APR 21 2022**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gooch    DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>KIMBERLY HARDY,<br><br>         Debtor. | Case No.: 6:22-bk-11277-WJ<br><br>CHAPTER 13<br><br>**MEMORANDUM OF DECISION REGARDING AUTOMATIC STAY MOTION**<br><br><u>Hearing</u>:<br>Date:    April 20, 2022<br>Time:   2:30 p.m.<br>Crtrm.:  304 |

1       On April 20, 2022 at 2:30 p.m., the Court held a hearing regarding the motion of the debtor, Kimberly Hardy ("Debtor"), entitled "Notice of Motion and Motion In Individual Case For Order Imposing A Stay or Continuing The Automatic Stay as the Court Deems Appropriate" [docket #12] ("Motion"). All appearances were noted on the record. The hearing concluded on April 20, 2022 and the Court took the matter under submission.

For the following reasons, the Court hereby denies the Motion.

## I. JURISDICTION.

The bankruptcy court has jurisdiction over the Motion pursuant to the provisions of 28 U.S.C. §§ 157(b) and 1334(b). The Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A). Venue is appropriate in this Court. 28 U.S.C. § 1409(a).

## II. THE MOVANT FAILED TO PROPERLY SERVE THE MOTION.

The Court hereby denies the Motion for four service-related reasons. First, the Debtor has not served creditors in a timely fashion. In this case, the Debtor asks in paragraph 1(c) on page 3 of the Motion for "an order **imposing a stay** as to *all creditors*." (original emphasis). Paragraph 1(e) on the same page of the Motion asks for "an order **continuing the automatic stay** as to *all creditors*." (original emphasis). Similarly, paragraph 4 of the prayer of the Motion on page 9 asks that the Court issue an order that "a Stay be imposed as to all creditors until further order of the court."

Rule 9014(a) of the Federal Rules of Bankruptcy Procedure ("F.R.B.P.") governs motions in bankruptcy cases and provides (among other things) that "relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Pursuant to Rule 9013-1(d)(1) of the local bankruptcy rules, parties who file motions must file and serve the motions at least 21 days prior to the hearing. In this case, the Debtor filed and served the Motion on April 12, 2022 and set the matter for a hearing for April 20, 2022. However, notice of only eight days does not satisfy the local rules.

Under this Court's self-calendaring guidelines, the Motion could be heard on as little as seven days notice (without an order shortening time) provided that the moving party served the Motion by personal delivery or overnight delivery. Unfortunately, that did not occur in this case. The proof of service attached to the Motion indicates that the Debtor served the Motion by regular mail on at least eleven of the creditors[1] eight days before the hearing. Again, that does not comply with either the local rules or this Court's self-calendaring guidelines.

Second, service of the Motion was defective for another reason. Specifically, F.R.B.P. Rule 9014 governs motions in bankruptcy cases and provides (among other things) that motions "shall be served in the manner provided for service of a summons and complaint by Rule 7004 . . . ." F.R.B.P. Rule 9014(b). Rule 7004(b)(3) requires that service of a motion upon a business entity must be mailed "to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of process . . . ." In this case, the Debtor did not comply with these rules.

As set forth on the proof of service attached to the Motion, the Debtor did not serve at least eight creditors (Capital One, N.A., CB of America, Credit First National Association, First Premier Bank, Franchise Tax Board, the Internal Revenue Service, Navient and U.S. Department of Education) upon an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process and such service is defective.[2]

Service that is not upon an officer is void. Beneficial Cal., Inc. v. Villar (In re Villar), 317 B.R. 88, 93 (9th Cir. BAP 2004) (reversing an order granting lien avoidance under section 522(f) and holding that service of a 522(f) motion upon "Beneficial, P.O. Box 60101, City of Industry, CA 91716-0101" did not comply with Rule 7004(b)(3) and stating that "service was insufficient under the plain words of Rule 7004(b)(3). In order to assure that the party being served is apprised of the pendency of an action, valid service requires more than to address the

---

[1] As set forth on the proof of service, the following eleven creditors were served by regular mail: Aargon Agency, Inc., Capital One, National Association, CB of America, Credit First National Association, First Premier Bank, Franchise Tax Board, Hilton Resorts Corp., the Internal Revenue Service, Navient, Powerstone Property Management and U.S. Department of Education. See Motion, page 11 of 39 to page 14 of 39.

[2] See Motion, page 11 of 39 to page 14 of 39.

document to a post office box."); Jacobo v. BAC Home Loans Servicing LP, 477 B.R. 533 (D.N.J. 2012) (holding that a confirmed chapter 13 plan which sought to cramdown a mortgage on real property was not binding upon the secured creditor because the debtor failed to serve an officer as required by Rule 7004(h) and, instead, only served the creditor as follows: "BAC Home Loans/Countrywide 450 American Street, #SV416 Simi Valley, CA 93065, and Bank of America, 4161 Piedmont Pkwy NC4-105-01-34, Greensboro, NC 27410-8119."); York v. Bank of America, N.A. (In re York), 291 B.R. 806, 811 (Bankr. E.D. Tenn. 2003) (holding that "the original summons was not addressed to an officer by either name or title.  As a result, it was not proper service under Rule 7004(b)(3)."); Braden v. General Motors Acceptance Corp., 142 B.R. 317 (Bankr. E.D. Ark. 1992) (holding that service of a complaint by a debtor upon "the defendant General Motors Acceptance Corporation . . . at 'P.O. Box 988, Blytheville, AR 72315'" failed to comply with Rule 7004(b)(3)); see also In re Bolden, 2014 Bankr. LEXIS 699 (Bankr. M.D.N.C. 2014) (holding that service of a 522(f) motion upon "Main Street Acquisition Corp., 3715 Davinci Court, Suite 200, Norcross, GA 30092" did not comply with Rule 7004(b)(3) because no officer or individual was served); In re St. Louis, 2013 Bankr. LEXIS 3397 (Bankr. W.D. Tex. 2013) (holding that the debtor failed to comply with Rule 7004 when it served an objection to a claim as follows: "Home Loan Services, Inc. c/o Home Loan Services, Inc., PA9150-01-01, at 150 Allegheny Center, Pittsburgh, PA 15212" because no officer or individual was served); In re Smith, 2012 Bankr. LEXIS 6174, *13 (Bankr. E.D. Cal. 2012) (holding that a debtor who served a motion to extend the automatic stay failed to comply with Rule 7004(h) because the debtor served the motion upon "'Wells Fargo Home Mortgage/ACS' by First Class Mail, not addressed to the attention of an officer, and sent to a Post Office Box in Des Moines, Iowa."); In re Sun Healthcare Group, Inc. v. Mead Johnson Nutritional (In re Sun Healthcare Group, Inc.), 2004 Bankr. LEXIS 572, *18 (Bankr. D.Del. 2004) (granting a motion to set aside default judgments because the debtor plaintiff did not serve an officer of the defendant and only used a post office box and stating "the Debtors have admitted serving Mead only at P.O. Box 751735, Charlotte, NC 28275, without addressing the documents to the attention of any officer, managing or general agent of Mead. Mead asserts that

this address is a lockbox to receive payments, which is maintained and administered by a bank . . . Failure to address the service of process to the attention of an officer or agent of Mead violates the statutory requirements of Bankruptcy Rule 7004(b)(3).").

Third, at least two of the creditors are banks and F.R.B.P. Rule 7004(h) requires service of process by certified mail to "an officer of the institution designated by the institution" for all FDIC insured entities. According to the proof of service attached to the Motion, no such service occurred in this case with respect to Capital One, N.A. and First Premier Bank.

Fourth, according to the proof of service attached to the Motion, when serving the Internal Revenue Service (an agency of the United States), the Debtor did not comply with F.R.B.P Rule 7004(b)(4) (requiring service upon the U.S. Attorney for the Central District of California as well as the Attorney General of the United States). Pursuant to F.R.B.P. Rule 5003(e) as well as Rule 2002-2(c) of the Local Bankruptcy Rules and paragraphs 1.0[3], 2.1[4] and 2.4[5] of Appendix D of the Court Manual, the United States has provided the contact information for service upon the U.S. Attorney's office of the Central District of California and the Attorney General of the United States. That information was not used.

---

[3] Paragraph 1.0 of Appendix D of the Court Manual states: "1.0 Federal Rules of Bankruptcy Procedure 5003(e). Pursuant to Federal Rules of Bankruptcy Procedure 5003(e), federal and state agencies may file a statement with the court designating their mailing addresses. See Local Bankruptcy Rule 2002-2 for related noticing requirements."

[4] Paragraph 2.1 of Appendix D of the Court Manual provides the following address for the Internal Revenue Service: Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346.

[5] Paragraph 2.4 of Appendix D of the Court Manual states: "United States Attorney. In contested matters and adversary proceedings involving the United States, the United States Attorney and Attorney General shall be served at the following addresses:

**a. Civil Process Clerk**
United States Attorney's Office
Federal Building, Room 7516
300 North Los Angeles Street
Los Angeles, CA 90012

**b. Attorney General**
United States Department of Justice
Ben Franklin Station
P. O. Box 683
Washington, DC 20044

By its very terms, the Motion seeks an injunction (the automatic stay is an injunction)[6] against all creditors in the case. Therefore, all creditors are entitled to notice of the Motion. Under both the national bankruptcy rules and the local bankruptcy rules, the Debtor had a duty to properly serve notice of the Motion on all creditors. Unfortunately, that did not occur in this case. Service of the Motion was defective for the four reasons stated above.

### III. THE DEBTOR HAS NOT SATISFIED THE APPLICABLE LEGAL STANDARD.

#### A.    Factual Background.

Second, the Debtor has not made the necessary showing under applicable law. The Debtor has filed eight bankruptcy cases including seven chapter 13 cases. All of the six prior chapter 13 cases failed. Chapter 13 simply is not working for the Debtor.

The Debtor filed her first bankruptcy case (a chapter 7 case) in 2013 and received a discharge. See Case No. 6:13-bk-15283-DS. That case proceeded smoothly but it was the last of its kind.

About five years later, the Debtor filed a chapter 13 case in 2018 (6:18-bk-16935-WJ). The Court confirmed a chapter 13 plan in October of 2018. Fairly quickly thereafter, the Debtor defaulted under the terms of the confirmed plan. The chapter 13 trustee filed three motions to dismiss and the final one was granted on September 30, 2019. The case failed less than twelve months after confirmation.

About two months later, the Debtor filed her third bankruptcy case (another chapter 13) in November of 2019 (6:19-bk-20001-WJ). That case failed within about a month. The Debtor was unable to confirm a plan, and the Court dismissed the case in December of 2019.

The following month, the Debtor filed her fourth bankruptcy case (another chapter 13) in January of 2020 (6:20-bk-10181-WJ). As before this chapter 13 case failed in less than a month. The Court dismissed the case in February of 2020.

---

[6] Gruntz v. Los Angeles (In re Gruntz), 202 F.3d 1074, 1082 (9th Cir. 2000) ("The automatic stay is an injunction issuing from the authority of the bankruptcy court . . . .").

About two years later, the Debtor filed three more chapter 13 cases on March 9, 2022 (6:22-bk-10863-WJ, 6:22-bk-10864-WJ and 6:22-bk-10865-WJ). The three cases were filed within hours of each other:

    Case No. 22-10863 filed on March 9, 2022 at 3:12 p.m.

    Case No. 22-10864 filed on March 9, 2022 at 3:29 p.m.

    Case No. 22-10865 filed on March 9, 2022 at 5:27 p.m.

The Debtor hired two attorneys (Douglas Klein and Arete R. Kostopoulos) who filed the three cases. The Debtor states in paragraph 13 of her declaration that she "paid attorney Douglas E. Klein for the purposes of helping me save my home . . . ." She also hired Arete R. Kostopoulos for the same purpose. The three attorneys filed three cases on March 9th because a foreclosure sale was scheduled for March 10th. Through some mis-communication or lack of communication three cases were filed instead of one and the Debtor blames Mr. Klein.

In any event, all three chapter 13 cases failed. Case 22-10863 was dismissed by the clerk of the Court less than a week later, on March 15, 2022, due to the failure to file case initiation documents. Likewise, case 22-10864 was dismissed by the clerk of the Court less than a week later, on March 15, 2022, due to the failure to file case initiation documents. And case 22-10865 was dismissed by the clerk of the Court on March 24, 2022 due to the failure of the Debtor to file case initiation documents.

About two weeks later, the Debtor filed the current chapter 13 case. This is seventh chapter 13 bankruptcy case of the Debtor and her eighth bankruptcy case.

As a result, the current chapter 13 case is deemed under the law to be a case filed in bad faith. Pursuant to 11 U.S.C. §§ 362(c)(3)(C)(i)(II)(aa) & 362(c)(4)(D)(i)(II), the current case is deemed a case "presumptively filed not in good faith" because the Debtor failed to "file . . . documents as required by this title . . . ." in her prior three bankruptcy cases filed last month. In re Radson, 462 B.R. 911, 912 (Bankr. S.D. Fla. 2011) ("For purposes of this motion, because the Debtor's first case was dismissed for failure to file substantial documentation, this second case is presumptively not filed in good faith pursuant to § 362(c)(3)(C)(i)(II)(aa). The Debtor has not offered clear and convincing evidence to rebut this presumption under § 362(c)(3)(C).").

1    In addition, three of the prior chapter 13 bankruptcy cases of the Debtor were filed and
2    dismissed within the last twelve months. Therefore, pursuant to 11 U.S.C. §§ 362(c)(3)(C)(i)(I)
3    & 362(c)(4)(D)(i)(I), the current case is deemed a case "presumptively filed not in good faith"
4    because the Debtor has been involved in three prior bankruptcy cases pending in the last year. In
5    re Ortiz, 355 B.R. 587, 594 (Bankr. S.D. Tex. 2006) (denying a request to impose the automatic
6    stay and holding that section "362(c)(4)(D)(i)(I) applies and therefore the statutory presumption
7    applies because two or more previous bankruptcy cases were pending in which [the debtor] was a
8    debtor within the 12 month period prior to the filing of this bankruptcy case.").
9    Under the statute, the presumption of bad faith may be rebutted only by "clear and
10    convincing evidence to the contrary" and debtors bear the burden of rebutting the presumption of
11    bad faith. In re Muhammad, 536 B.R. 469, 473 (Bankr. M.D. Ala. 2015) ("The debtor has the
12    burden of proof to show that she has filed her petition in good faith."); In re Morales,
13    366 B.R. 919, 922 (Bankr. D.Neb. 2007) ("Debtor has failed to rebut the presumption that the
14    present case was not filed in good faith since Debtor has failed to present clear and convincing
15    evidence to the contrary."); In re Tate, 2016 Bankr. LEXIS 4487 *6 (Bankr. N.D. Iowa 2016) ("It
16    is debtor's burden to rebut the presumption of bad faith and show by clear and convincing
17    evidence that he filed the case in good faith."); In re Ellis, 339 B.R. 136, 141 & 144 (Bankr. E.D.
18    Pa. 2006) (denying a motion by a debtor to continue the automatic stay and stating that "[i]n
19    order to rebut the presumption applied here that the case was filed not in good faith, Debtor must
20    provide 'clear and convincing evidence' to the contrary . . . it is his burden to provide clear and
21    convincing evidence . . . ."); In re Ferguson, 376 B.R. 109, 118-119 (Bankr. E.D.Pa. 2007) ("The
22    burden of persuasion in rebutting the presumption that the case was filed 'not in good faith' and
23    the burden of persuasion in proving that the case was filed in good faith is on the Debtor."); In re
24    Dowden, 429 B.R. 894, 901-902 (Bankr. S.D. Ohio 2010) (denying a motion to impose the
25    automatic stay and stating that "the Court is troubled that the Debtors have filed two prior
26    unsuccessful bankruptcy cases, the first of which utterly failed and the second of which achieved
27    only minimal success for a short period. Given the totality of the circumstances, the evidence
28    falls short of clear and convincing as is required to overcome the presumptions that this case was

not filed in good faith.  Therefore, the Court must deny the Debtors' Motion to extend the automatic stay.").

### B. Only Clear And Convincing Evidence Overcomes the Presumption of Bad Faith.

The statute states that only "clear and convincing" evidence can overcome the presumption of bad faith.  Under applicable caselaw, the "'clear and convincing' standard of proof is an intermediate standard that lies between a 'preponderance of the evidence' and 'beyond a reasonable doubt.'" Ferguson, 376 B.R. at 119 (citing SmithKline Beecham Corp. v. Apotex Corp., 2005 U.S. Dist. LEXIS 5999, 2005 WL 941671, at *7 n.21 (E.D. Pa. Mar. 31, 2005)).  The "clear and convincing" standard has been defined in various ways.

For example, in the Ellis decision, the court considered a motion by the debtor to continue the automatic stay and stated that "[c]lear and convincing evidence is that weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence 'so clear, direct and weighty and convincing as to enable the [fact finder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.'" In re Ellis, 339 B.R. at 141-142 (citing U.S. Fire Ins. Co v. Royal Ins. Co., 759 F2d 306, 309 (3d Cir. 1985)).  The court applied this standard and concluded that the debtor had failed to satisfy it.  As a result, the court denied the debtor's motion.

Likewise, in the case of In re Wilson, 336 B.R. 338 (Bankr. E.D. Tenn. 2005), the bankruptcy court considered four motions to continue or impose the automatic stay.  In all four cases, the presumption of bad faith existed and the court denied all four motions.  The court stated that "[c]lear and convincing evidence may be defined as that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established." Id. at 347 (Bankr. E.D. Tenn. 2005).  The court in Wilson held that the debtors had fallen well short of this standard. Id. at 348 (stating that the "none" of the automatic stay motions "provide adequate grounds to support the request that the 30-day stay be extended" and "none" of the "explanations as to why the prior cases were dismissed" were "sufficiently

explained or proved.").

Similarly, in the Muhammad case, the court denied a motion to continue the automatic stay. The Court held that "[c]lear and convincing is a heightened evidentiary standard, meaning that [the debtor] had to prove her good faith with more than a mere preponderance of the evidence." In re Muhammad, 536 B.R. at 475. Instead, the debtor must provide "evidence [that] 'produces in the mind of the trier of fact an abiding conviction that the truth of the factual contentions is highly probable.'" Id. (citing Ferguson). According to the Court in Muhammad, in order for the debtor "to carry her burden, [she] had to submit sufficient evidence to convince this Court that it was 'highly probable' that her case was filed in good faith." Id. After considering the evidence provided by the debtor, the Court concluded she had not demonstrated that it was "highly probable" her case had been filed in good faith.

### C. The Declaration of the Debtor Contains Significant Omissions.

In this case, the Debtor has not made the necessary evidentiary showing. The Debtor has attached a declaration in support of the Motion ("Declaration") and a "Declaration of Debtors Regarding Secured Debt Payment History" ("Payment History"). The Declaration ignores key facts. Both the Declaration and the Payment History fail to mention or discuss the first four bankruptcy cases of the Debtor. In particular, she does not mention in either the Declaration or the Payment History her 2019 chapter 13 case which failed less than a year after confirmation. The Debtor also does not explain in either the Declaration or the Payment History why her first and second chapter 13 bankruptcy cases failed.

In addition, the Declaration contains no discussion of her current or past income or current or past employment. The topics of income and employment are not discussed in her Declaration. Likewise, the Declaration does not mention changes in financial circumstances that might explain the failures in the prior bankruptcy cases. Indeed, the Declaration contains no discussion of her financial history. There is nothing in the Declaration demonstrates why this seventh chapter 13 bankruptcy case will succeed when the prior six did not.

1       The Declaration contains no discussion of current expenses. And while the Declaration mentions a foreclosure sale, the Declaration does not explain how or when the Debtor fell behind in making mortgage payments. Likewise, the Declaration does not explain why the Debtor would be able to make payments now despite being unable to make payments in the past. Nothing about the pending foreclosure sale is explained.

      In addition, the Payment History is a very curious document. In the Payment History, the Debtor claims she made $134,715 in income in 2021 and has earned $40,759.64 in 2022. But the Payment History also indicates that during this time frame she made no mortgage payments whatsoever to the lender holding the mortgage on her home (Chase Mortgage). The mortgage payments are only $2,400 a month but she made no payments in 2021 or 2022. Indeed, she states in the Payment History that the arrearage for her mortgage is $91,200 which works out (precisely) to 38 missed monthly payments. Why has the Debtor missed three years of payments? This question is not addressed.

      Despite having some income, the Debtor has not made any mortgage payments for years even though the monthly amount is relatively small ($2,400). This tends to suggest that whatever income the Debtor has earned has apparently not been sufficient to pay her mortgage and her other expenses. Alternatively, if her income is sufficient to pay her mortgage and her other expenses, then she has simply chosen to not pay her mortgage. Either way, the presumption of bad faith has not been overcome.

      Thus, the Declaration and the Payment History are neither clear nor convincing. They fall well short of the various definitions of "clear and convincing".

      Specifically, the evidence is far short of being "weighty and convincing as to enable the [fact finder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.'" In re Ellis, 339 B.R. at 141-142. Likewise, the evidence does not "produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established." In re Wilson, 336 B.R. at 347. And the statements of the Debtor fall well short of demonstrating that it is "'highly probable' that [this] case was filed in good faith." In re Muhammad, 536 B.R. at 475.

1    Accordingly, in the absence of sufficient evidence of good faith, the Motion cannot be

2    granted. In re Ellis, 339 B.R. 136, 144 (Bankr. E.D. Pa. 2006) ("[T]he absence of proof of good

3    faith requires that no extension of the stay be ordered.").

### D.    The Debtor Has Not Provided Clear and Convincing Evidence.

In this case, the Debtor has not made the necessary evidentiary showing.  Congress enacted section 362(c)(3) & (4) to break the cycle of repetitive failed chapter 13 cases.  The statute "indicates that Congress intended it to deter second filings." Reswick v. Reswick (In re Reswick), 446 B.R. 362, 372 (9th Cir. BAP 2011) ("The legislative history demonstrates that Congress intended to deter successive bankruptcy filings by imposing stricter limitations on the power of the automatic stay as subsequent bankruptcy cases are filed . . . The history of section 362(c)(3)(A) indicates that Congress intended it to deter second filings.  For this provision to have its intended effect, it must be interpreted as terminating the automatic stay in its entirety.").

As a result, feasibility is a central issue in considering a motion under section 362(c)(3) to continue the automatic stay or a motion under section 362(c)(4) to impose the stay.  Can the Debtor demonstrate feasibility?  Filing a chapter 13 case that lacks viability or feasibility is not in good faith.  Will the new chapter 13 case succeed given that prior chapter 13 cases by the same Debtor have failed?  See, e.g., Morales, 366 B.R. at 922 (denying a motion to extend or impose the stay and stating that the "probability of success of Debtor's plan is the most important factor in determining good faith" and the "debtor's failure to establish as a matter of fact that her plan is feasible may support a finding of lack of good faith, particularly where that failure occurs in a second or third bankruptcy case commenced by the same debtor . . . .").

Once a chapter 13 debtor has failed to comply with a confirmed plan in one or more prior bankruptcy cases, Congress has imposed a statutory presumption of bad faith.  Furthermore, Congress decided that the presumption can only be rebutted by "clear and convincing" evidence.  A debtor seeking to overcome the presumption of bad faith (at a minimum) needs to demonstrate by "clear and convincing" evidence that the new chapter 13 case will succeed even though the

- 12 -

prior cases failed.  Unfortunately, the Debtor has not done so.

In reviewing the history of the seven chapter 13 cases filed by the Debtor, it is clear that chapter 13 simply is not working for the Debtor.  All six prior cases failed and five of them failed very quickly and prior to confirmation.  The one case that did achieve confirmation failed within a year thereafter.  Not everyone can adjust to the requirements of chapter 13 and succeed in this type of proceeding.  The Debtor has failed to demonstrate by clear and convincing evidence that she can succeed in this seventh case given the prior failures.

### IV.  THE OPPOSITION OF THE CREDITOR IS PERSUASIVE.

Finally, counsel for JPMorgan Chase appeared at the hearing regarding the Motion and presented oral opposition to the Motion.  The Court finds that the reasoning of counsel is persuasive.  The arguments on the record provide a further basis for denying the Motion.

In addition, counsel for the Debtor and counsel for the creditor disagree regarding the three chapter 13 cases of the Debtor filed last month.  Counsel for the Debtor believes the Court should only consider one of the three cases as valid.  The Debtor argues that the other two of the three cases are "bogus."

However, the Debtor specifically states in her Declaration that she hired the attorney (Mr. Klein) who filed the two additional cases to stop a foreclosure sale.  There is no evidence that Mr. Klein filed the cases other than at the request of the Debtor.  This contradicts her assertion that the petitions were unauthorized.

But even if two of the three cases were unauthorized, the Ninth Circuit has spoken about unauthorized bankruptcy petitions.  Cases are treated as valid filings (at least initially) even if a petition is ultra vires.  "The simple rule is also the fairest:  So long as a person is listed as a debtor in a bankruptcy petition, everyone involved is entitled to count on the automatic stay."  Wekell v. United States, 14 F.3d 32 (9th Cir. 1994) (Husband filed a joint petition without the wife's permission).

As a result, section 362(c)(4) applies in this case.  No automatic stay arose on the petition date in this case and, by denying the Motion, the Court declines to impose the stay.

### V. CONCLUSION.

Accordingly, for the reasons stated, the Motion is hereby denied. The Court will enter a separate order consistent with this memorandum.

IT IS SO ORDERED.

###

Date: April 21, 2022

*Wayne Johnson*
Wayne Johnson
United States Bankruptcy Judge